# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00830-CR

**Johnny Lee McClaren, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21283, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Johnny Lee McClaren guilty of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2003). The court assessed punishment at eight years' imprisonment. Appellant brings forward a single point of error urging that the evidence is factually insufficient to sustain the jury's verdict. We will overrule this contention and affirm the conviction.

The complainant, Gabriel Garza, testified that he left home at 10:45 p.m. to go to work at the local Alcoa plant. He returned home the next morning to find that someone had entered his residence and stolen a video game console and several games, a television set, two pistols, a ring, a wristwatch, and about $20 in change. Suspicion immediately fell on appellant, Kellie Castlow, Billy Joe Walker, and Pamela Whitlow. The four lived near Garza and were familiar with his house and work schedule. Garza had seen them together that night at a convenience store where he had stopped to buy food on the way to work.

Walker testified that he, appellant, Castlow, and Whitlow were in Castlow's car on the night of the burglary. He said that they decided to "go rob Gene's place" after seeing Garza at the convenience store on his way to work. Walker testified that he opened the door to Garza's house, which was not locked. Walker said that he stole the jar of change and one of the pistols and that the other property was taken by appellant and Whitlow. According to Walker, Castlow remained outside in her car. After leaving Garza's house, they went to Whitlow's house, where they "unloaded all the stuff, and [then] Kellie and Pamela and them took off to go try to sell the stuff."

Deputy Johnny Beathard testified that he found the stolen television and wristwatch at Whitlow's residence soon after the burglary was reported. The video game console and games were found in the possession of Ivory Joe Williams. Williams testified that he had purchased them that morning from a woman named Pam. The stolen jar of change was at Walker's residence. The other property taken in the burglary was not recovered. In a videotaped statement to Beathard on the day after the burglary, appellant admitted selling one of the pistols in Rockdale for $30.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Appellant argues that the evidence is factually insufficient because Walker, as an accomplice, was not a credible witness and his testimony was not adequately corroborated. Appellant also points out that none of the stolen property was found in his possession and that the pistol he admitted selling was never recovered.

A conviction cannot be based on the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (West 2005). Factual sufficiency review does not apply to the corroboration of an accomplice's testimony. *Cathey v. State*, 992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999). The corroborating evidence need not be sufficient to convict; it need only tend to connect the defendant to the offense. *Id*. Appellant's admission to Beathard that he sold one of the pistols stolen from Garza's residence tends to connect him to the burglary. *See Mays v. State*, 726 S.W.2d 937, 942 (Tex. Crim. App. 1986). So also does the testimony placing appellant in Whitlow's company on the night of the burglary because property taken during the burglary was found in Whitlow's possession within hours after the offense. The accomplice witness rule is satisfied.

The jury obviously credited Walker's testimony. We must give due deference to the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and we may disagree with the result only to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We hold that the jury's guilty verdict is supported by factually sufficient evidence and is not manifestly unjust.

The point of error is overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   March 13, 2007

Do Not Publish